FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY PATRICK BEVANS, III,<br><br>Defendant. | NO: 2:23-CR-0025-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 72. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

## BACKGROUND

On December 13, 2023, Defendant appeared before the Court and entered a plea of guilty to Count 1 of the Indictment charging him with Possession with

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

Intent to Distribute 50 Grams or more of Actual (Pure) Methamphetamine. ECF No. 44. According to the Plea Agreement, Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant. *Id*. at ¶ 17.

A Presentence Investigative Report (PSIR) was prepared in this case. ECF No. 52. It calculated Defendant's total offense level as 34, with a criminal history category VI, and an advisory guideline imprisonment range as 262 to 327 months. After the Government's motion, Defendant was sentenced to 168-months incarceration and 10 years of supervised release. ECF No. 68.

On April 7, 2025, Defendant filed the instant motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 72.

## DISCUSSION

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255,

except one based upon ineffective assistance of counsel based on information not known by the Defendant. ECF No. 44 at ¶ 17.

A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted).

### B. Motion to Vacate, Set Aside or Correct Sentence

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

  Defendant complains that his counsel was ineffective for failure to advise him of the procedure and appeal rights. ECF No. 72 at 4. However, Defendant's Plea Agreement waived his right to appeal if he was sentenced to 180 months of incarceration or less. ECF No. 44 at 13. Defendant was sentence to 168 months of incarceration, so he waived his right to appeal.

  Defendant next contends that the Court accepted his prior convictions that were reinstated. He contends this was a due process violation. ECF No. 72 at 5. However, this was Defendant's criminal record and this Court committed no due process violation.

  Defendant next contends that his plea was involuntary and the product of misrepresentations and falsehoods. However, this Court thoroughly went through the plea agreement and fully informed the Defendant of all his rights at the plea hearing.

  Finally, Defendant complains that the level of pure methamphetamine should not have been used to sentence him. ECF No.72 at 8. However, that is precisely what the United States Sentencing Guidelines call for. There was no error.

  Accordingly, Defendant has not established a constitutional violation or other right to relief.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 4

<mark>
<mark>
</mark>
</mark>

### C. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 72) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file (2:25-CV-0113-TOR) shall be **CLOSED**.

**DATED** May 9, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 6